IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RAY CORNELIEUS CALVERT                                                  PLAINTIFF

v.                                 Civil No. 4:22-cv-04067

CAPTAIN GOLDEN ADAMS, Miller County
Detention Center ("MCDC"); SERGEANT GOLDEN,
MCDC; and SERGEANT HANNING, MCDC                        DEFENDANTS

## REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's "Motion for Master". (ECF No. 15). Defendants have not responded and the time to do so has expired.

### I. BACKGROUND

Plaintiff filed his original Complaint on July 28, 2022. (ECF No. 1). He was granted *in forma pauperis* status that same day. (ECF No. 3). In response to this Court's order, Plaintiff filed an Amended Complaint on August 12, 2022, to clarify his claims. (ECF No. 7). Plaintiff alleges he was subjected to unlawful conditions of confinement in the MCDC including exposure to black mold, a dirty and defective HVAC "air and ventilation system", and inadequate "water, nutritious food, and fruits". *Id.* at pp. 4-15. He claims this caused him to have shortness of breath, dizzy spells, muscular and joint pain, and "spit up green stuff with a little blood". *Id.* at p. 4.

In the instant motion, Plaintiff asks the Court to appoint a "Master" and send licensed professionals to the MCDC to inspect the facility's HVAC system, the food served to the inmates, the quality of the water in sinks, showers, and toilets, and inspect the facility for black mold. (ECF No. 15). The Court construes this motion as one for injunctive relief.

## II. LEGAL STANDARD

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of temporary restraining orders and preliminary injunctions. In deciding a motion for a temporary restraining order or a preliminary injunction, the courts are instructed to consider the following factors: (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest. *Dataphase Systems, Inc. v. C. L. Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc); s*ee also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir. 1997); *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir. 1993).

While no single factor is dispositive, the Eighth Circuit Court of Appeals has held "the two most critical factors for a district court to consider in determining whether to grant a preliminary injunction are (1) the probability that plaintiff will succeed on the merits, and (2) whether the plaintiff will suffer irreparable harm if an injunction is not granted." *Chicago Stadium Corp. v. Scallen,* 530 F.2d 204, 206 (8th Cir. 1976). The burden of proving a preliminary injunction is warranted rests on the movant. *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995). In addition, the Eighth Circuit has instructed that "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Id.* (internal quotations omitted).

## III. DISCUSSION

First, Defendants deny all the allegations made against them by Plaintiff. At this early stage of the litigation, it is impossible to decide whether Plaintiff will succeed on the merits of his claims concerning whether he was subjected to unlawful conditions of confinement. (ECF No. 11). Second, Plaintiff has not alleged he will suffer any irreparable harm if injunctive relief is denied.

Without a finding of irreparable injury, a preliminary injunction should not be issued. *Modern Computer Sys., Inc. v. Modern Banking Sys., Inc.*, 871 F.2d 734, 738 (8th Cir. 1989) (en banc).

Third, the Court must also balance the harm and injury to Defendants if an injunction is granted and assess whether the issuance of an injunction would be in the public interest. In assessing the public interest, it must be remembered that "federal courts do not sit to supervise state prisons, the administration of which is of acute interest to the States." *Meachum v. Fano*, 427 U.S. 215, 229 (1976). Granting injunctive relief at this point based on Plaintiff's unsubstantiated allegations would amount to direct interference by the Court with the operation and administration of the MCDC which is harmful to Defendants and does not serve any public interest.

## IV.  CONCLUSION

Accordingly, I recommend Plaintiff's Motion for Master (ECF No. 15) be **DENIED**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 18th day of October 2022.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE