IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RAY CORNELIEUS CALVERT                                                                      PLAINTIFF

v.                                            Case No. 4:22-cv-4067

CAPTAIN GOLDEN ADAMS, Miller County
Detention Center; SERGEANT GOLDEN; and
SERGEANT HANNING
                                                                                             DEFENDANTS

**ORDER**

Before the Court is the Report and Recommendation filed on October 18, 2022, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 19. Judge Bryant recommends denying Plaintiff Ray Cornelieus Calvert's Motion for Master (ECF No. 15). ECF No. 19. Plaintiff has objected. ECF No. 21. The matter is ripe for consideration.

On August 12, 2022, Plaintiff filed an Amended Complaint, naming Captain Golden Adams, Sergeant Golden, and Sergeant Hanning, in their individual and official capacities, as defendants. ECF No. 7. In that complaint, Plaintiff alleges that the conditions of his confinement and cruel and unusual punishment inflicted by Defendants violate his Eighth and Fourteenth Amendment rights. ECF No. 7, at 4. Then, on September 23, 2022, Plaintiff filed a Motion for Master in which he requested that several professionals visit the Miller County Detention Center (MCDC), including: a professional who can detect black mold; a heating, ventilation, and air conditioning (HVAC) technician to inspect MCDC's heating and air system; a dietician to "inspect" the food provided to inmates; and a water inspector to check the quality of MCDC's water. ECF No. 15, at 1-3. Plaintiff alleges that MCDC "does not meet the health and sanitation standards and violate[s] constitutional rights afforded by the U.S. Constitution." ECF No. 15, at 3.

In his report and recommendation, Judge Bryant construes Plaintiff's Motion for Master (ECF No. 15) as a request for injunctive relief. ECF No. 19, at 1. He further explains that the requested injunctive relief is inappropriate because Defendants have denied Plaintiff's claims and "[a]t this early stage of the litigation, it is impossible to decide whether Plaintiff will succeed on the merits of his claims"; Plaintiff has not alleged that he will suffer irreparable harm if relief is denied; and the Court does not sit to supervise state prisons. ECF No. 18, at 2-3. Therefore, Judge Bryant recommends denying Plaintiff's motion.

It is difficult to resolve Plaintiff's instant motion without a clear understanding of the nature of his request. Although Judge Bryant construed Plaintiff's request as one for injunctive relief, Plaintiff objects, explaining that his request was *not* for injunctive relief. ECF No. 19, at 2-3. Upon careful review of Plaintiff's objections, it appears that he seeks assistance with the discovery process. *See* ECF No. 21, at 2-3. He explains that his motion "was for the court to appoint a special 'person' to visit the jail to view these unlawful conditions of confinement" because the action "is in the Discovery phase" and Plaintiff wishes to "bring relevant information to the record." ECF No. 21, at 2-3. He maintains that "the details concerning Plaintiff['s] allegations must be investigated by someone nuetral [sic], as the conditions are still very much in existan[ce] within the M.C.D.C. facility." ECF No. 21, at 3.

While it is true that Plaintiff, as an MCDC inmate, has constitutionally guaranteed access to the Court, the Court is not obligated to assist him in *discovering* grievances against MCDC. *See Kelsey v. State of Minn.*, 622 F.2d 956, 957 (8th Cir. 1980); *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007). It is also true that the Court must construe all pro se filings liberally, but pro se litigants, like Plaintiff, must nevertheless comply with substantive and procedural law. *See Erikcon v. Pardus*, 551 U.S. 89, 94 (2007); *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The instant motion, even when liberally construed, does not direct the Court to any substantive or procedural law supporting Plaintiff's request that the Court order multiple professionals to inspect MCDC, allowing Plaintiff to rely on those

professionals' findings to develop his claims against Defendants. Additionally, as Judge Bryant noted, "federal courts do not sit to supervise state prisons." *See* ECF No. 19, at 3 (quoting *Meachum v. Fano*, 427 U.S. 215, 229 (1976)). Thus, after careful consideration, the Court finds that Plaintiff's Motion for Master (ECF No. 15) should be denied.

As a final matter, on October 26, 2022, Plaintiff filed a Motion to Amend/Supplement Motion for Master. ECF No. 22. In that motion, Plaintiff states that he has "been made aware of new facts relating to his previous motion" after conducting "due diligence and legal research." ECF No. 22, at 1. However, because the Court agrees with Judge Bryant's recommendation to deny Plaintiff's Motion for Master, Plaintiff's request to amend his Motion for Master is now moot.

Ultimately, the Court finds no reason to depart from Judge Bryant's recommendation that Plaintiff's Motion for Master be denied. Therefore, the Court overrules Plaintiff's objections and adopts the Report and Recommendation, albeit on different grounds. Plaintiff's Motion for Master (ECF No. 15) should be and is hereby **DENIED**. Also, Plaintiff's Motion to Amend/Supplement Motion for Master (ECF No. 22) should be and is hereby **DENIED AS MOOT**.

**IT IS SO ORDERED**, this 14th day of November, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge