IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RAY CORNELIEUS CALVERT                                                                                    PLAINTIFF

v.                                    Civil No. 4:22-cv-04067-SOH-BAB

CAPTIAN GOLDEN ADAMS;
LIEUTENANT MILLER;
SERGEANT GOLDEN; SERGEANT
HANNING; SERGEANT GUTHERIE                                                                          DEFENDANTS

# **ORDER**

Plaintiff, Ray Cornelieus Calvert originally filed this 42 U.S.C. § 1983 action *pro se* on July 28, 2022. (ECF No. 1). Plaintiff also submitted an Application to proceed *in forma pauperis* ("IFP") and the Court granted Plaintiff IFP status on the same day. (ECF Nos. 2, 3). Currently before the Court is Plaintiff's failure to comply with orders of the Court and keep the Court informed of his current mailing address.[1]

In its July 28, 2022 filing Order, the Court specifically advised Plaintiff:

> Plaintiff is advised that he is required to immediately inform the Court of any change of address. If Plaintiff is transferred to another jail or prison or released, he shall have 30 days from the date of transfer or release in which to notify the Court of the new address.

(ECF No. 3). On September 6, 2024, the Court received mail sent to Plaintiff at his address of record at the Miller County Detention Center returned as undeliverable mail. (ECF No. 66). Specifically, the returned mail indicated Plaintiff was released on August 22, 2024. *Id.* Plaintiff

---

[1] On November 1, 2022, the parties consented to have the undersigned conduct all proceedings in this case including a jury or nonjury trial and to order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (ECF No. 23).

was allowed thirty (30) days from the date of the returned mail to provide the Court with his new address and he has failed to do so.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Furthermore, a dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless it is otherwise specified. Fed. R. Civ. P. 41(b); *Brown*, 806 F.2d at 803. In considering a Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct;" (2) the adverse impact of the conduct on the Defendants; and (3) the Court's ability to administer justice. *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). In *Rodgers*, the Eighth Circuit provides the standard the Court must consider before dismissing with prejudice for failure to prosecute:

> Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or . . . persistent failure to prosecute a complaint. [The Court must consider] . . . whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court. However, the [Court] need not [find] that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily.

*Id.*

Plaintiff has failed to comply with the Court's order to keep his address of record up to date. Plaintiff was released more than two months ago but has failed to update his address. The Court has no way of communicating with Plaintiff without an accurate address. However, the Court cannot determine a willful disobedience of the Court's orders or failure to prosecute in a way that justifies dismissal with prejudice.[2] Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 29th day of October 2024.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court notes Defendants filed a Motion for Summary Judgment on May 22, 2024. Plaintiff responded on July 15, 2024. (ECF No. 62). Defendants replied on July 24, 2024. (ECF No. 63). However, before the Court could rule on Defendants' Motion for Summary Judgment, Plaintiff's mail was returned as undeliverable mail.